F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff-Appellee,

v.

MICHAEL CARNICLE,

Defendant-Appellant,

and

ARIE FROM,

Defendant.

No. 99-4233
(D.C. No. 95-CV-110-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Carnicle appeals from summary judgment granted in favor of the Securities and Exchange Commission (SEC) in a civil law enforcement action. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). In conducting that review, we

> examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*Id.* (quotations and citations omitted). There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We also review de novo a court's legal conclusion that evidence submitted on summary judgment is admissible for purposes of summary judgment. *See, e.g., SEC v. American Commodity Exch., Inc.*, 546 F.2d 1361, 1369 (10th Cir. 1976) (determining in de novo review that sworn SEC investigative statements are affidavits admissible for summary judgment purposes); *United States v. Mills*, 372

-2-

F.2d 693, 697 (10th Cir. 1966) (independently reviewing affidavit submitted by nonmoving party and determining that court erred in refusing to consider it).

In granting summary judgment, the district court determined that Mr. Carnicle had presented no evidence to refute the SEC's statement of facts and its supporting documentary evidence on which the right to summary judgment was premised. To support its grant of summary judgment, the district court relied on a deposition taken in an earlier civil enforcement action in which Mr. Carnicle was not a party, but which involved two mutual funds that the SEC alleged Mr. Carnicle secretly controlled and illegally operated. It also relied on a number of investigative sworn statements submitted in the prior case. The district court further considered deposition testimony taken in Mr. Carnicle's absence in the case at bar.

On appeal, Mr. Carnicle argues that the court improperly relied on this evidence, asserting that the deposition and sworn statements taken in the prior case were inadmissible because he was not a party to that suit and because he had no opportunity to cross-examine any of the affiants or deponents. Mr. Carnicle confuses the quality and type of evidence that is admissible at a trial and that which is admissible for purposes of summary judgment. *Ex parte* affidavits or any other type of sworn testimony are always admissible for summary judgment purposes as long as the testimony is of a type that would be admissible if the

swearing witness testified at a trial on the matter. *See* Fed. R. Civ. P. 56(e) (providing that affidavits must "set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Thomas v. International Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995) (stating that a party need not produce evidence in a form that would be admissible at trial, but the substance of the evidence must be admissible). We have previously held that sworn statements taken in the course of SEC investigations are the equivalent of affidavits, and as such, they may be used to support a motion for summary judgment. *See American Commodity Exch.*, 546 F.2d at 1369. The fact that Mr. Carnicle was not a party in the first civil suit arising from that investigation does not make the affidavits or the deposition taken in conjunction with that case inadmissible for summary judgment purposes. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that it is proper for court to consider records of other related proceedings in granting summary judgment). Mr. Carnicle argues that the court accepted hearsay in the affidavits and depositions as evidence, but he does not point out which testimony he alleges is hearsay. We hold that the district court properly relied on the affidavits and deposition testimony in granting summary judgment.

We also reject Mr. Carnicle's unsupported claim that, when determining what amount of money should be disgorged, the district court improperly drew

inferences and construed the evidence in favor of the SEC instead of in his favor as the nonmoving party. The SEC presented unrebutted clear and convincing evidence demonstrating that Mr. Carnicle received benefit from the full amount of the ill-gotten gains, thus the court's decision was not based upon an impermissible inference but rather on unrebutted evidence.

Mr. Carnicle next argues that if the district court relied on a Fifth Amendment presumption against him, its decision should be reversed. Because the district court expressly stated that it did not draw any negative inferences from the fact that Mr. Carnicle asserted his Fifth Amendment right to remain silent, we hold that there is no issue regarding the Fifth Amendment.

All that Mr. Carnicle had to do to survive summary judgment was present sworn testimony refuting the material allegations made in the summary judgment evidence presented by the SEC. *See* Fed. R. Civ. P. 56(e). This he did not do. We have carefully reviewed the parties' pleadings and briefs, the record on appeal, and the district court's decision, and have considered them in light of the applicable law. Mr. Carnicle's conclusory statements on appeal are insufficient to show there is a genuine issue of material fact or that the SEC is not entitled to summary judgment as a matter of law.

The judgment of the United States District Court for the District of Utah is

**AFFIRMED** .

Entered for the Court

John C. Porfilio
Circuit Judge